UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RAMON GUEVARA,<br><br>      Plaintiff,<br><br>   vs.<br><br>MARRIOTT HOTEL SVCS. INC., et al.,<br><br>      Defendants. | Case No: C 11-0647 SBA<br><br>**ORDER**<br><br>Docket 19 |

Plaintiff Ramon Guevara ("Plaintiff") brings a race discrimination action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., ("Title VII") against Defendant Marriott Hotel Services, Inc. ("Marriott" or "Defendant") and four individuals, Julie Fallon, Chris Dampsey, Lisa Krone and Ana Marchke (collectively "Individual Defendants"). The parties are presently before the Court on Defendant Marriott's Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 19. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

# I. BACKGROUND

## A. FACTUAL BACKGROUND

### 1. Employment

Although Plaintiff is now represented by counsel, the operative pleading in this action is the pro se form Employment Discrimination Complaint filed by Plaintiff on February 11, 2011. Dkt. 1. The complaint is not a model of clarity. Plaintiff, a Hispanic male, alleges that on August 22, 1989, he was hired by Marriott. Dkt. 1 at 8. In September 2002, Plaintiff became a union shop steward. Id. at 8. Plaintiff successfully handled "hundreds of [union] members['] complaints," despite receiving "no cooperation" from Defendant's management. Id. at 7. His success was due in large part to his ability to speak both English and Spanish. Id. at 8.

Plaintiff's race and union activity allegedly resulted in some tension with Defendant's management. In about 2006, Plaintiff began handling a union dispute over work conditions involving Starbucks workers and Defendant. Id. at 7-8. As a result of this union work, Plaintiff allegedly, among other things, was harassed; falsely reported as having left work early; falsely accused of disrupting departmental meetings; and unjustifiably received a written warning based on a false accusation that he left work early. Id. at 9-10.

In 2006, Plaintiff received a written warning for supposedly failing to follow proper procedures when interviewing a union member while working in his capacity as shop steward. Id. at 15. In about 2006 or 2007, when Plaintiff was representing a Hispanic worker in a union grievance, a Caucasian employee threateningly screamed at the Hispanic worker during a human resources meeting, but was not disciplined. Id. In 2007, Plaintiff was harassed by Defendant's main kitchen chef, who is Caucasian, while Defendant's food and beverage director watched and failed to restrain the chef. Id. Plaintiff filed a grievance and the chef eventually was transferred to a different work location. Id. at 7. In 2008, Defendant's bar chef purportedly stated that, in light of the fact that 95% of Defendant's

employees are minorities, the equipment would have to be "tracked better because he was sure most of it would be [at their] houses." Id. at 15.

### 2. Termination

On September 20, 2008, Plaintiff was terminated. Id. at 2. The parties do not state what reason Defendant provided to Plaintiff for his termination. According to Plaintiff, Defendant "created an environment of discrimination and intimidation" based on his race and union activity, which resulted in his termination, and which violated the collective bargaining agreement that applied to his employment. Id. at 2-4. Further, Defendant allegedly failed to provide him with documents to support his termination. Id. at 4.

### 3. Arbitration

In October 2009, an arbitration concerning Plaintiff's termination was held under the collective bargaining agreement applicable to his employment. Allegedly, during the October 2009 arbitration, "the union breached its duty to provide [him] with a reasonable defense[,] and defendants provided false testimony under oath[,] along with false [third-party] hearsay without [third-party] testimony." Dkt. at 5.

### 4. EEOC Charges

In April 2010, Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") alleging that Defendant violated Title VII. Id. at 3. On November 15, 2010, Plaintiff received a right-to-sue letter from the EEOC. Id.

### 5. Prior Action: Case No. C 10-5347 SBA

On September 27, 2010, after filing his EEOC charge, but before receiving his right-to-sue letter, Plaintiff, acting pro se, filed a complaint in California Superior Court, County of San Francisco, against Defendant. Dkt. 20, Ex. 1. In the California Judicial Council form pleading, Plaintiff specified that he was alleging a cause of action for wrongful termination. Id. Plaintiff did not allege any facts in his complaint. Id. Plaintiff intended to challenge his September 2008 termination by asserting a wrongful termination claim. Id. Nevertheless, Plaintiff did not assert any claims for discrimination, retaliation or hostile work environment under Title VII because he had not received his right-to-sue letter from

the EEOC.  Id.; Case No. 11-0647, Dkt. 30 at 5-6.  As defendants, Plaintiff named Marriott and the Individual Defendants.  Dkt. 20, Ex. 1.

On November 24, 2010, Defendant removed the action to this Court based on diversity and federal question jurisdiction.  Id., Ex. 2; Guevara v. San Francisco Marriott, Case No. 10-5347 SBA ("Case No. 10-5347").  On December 7, 2010, Defendant filed a motion to dismiss on the ground that Plaintiff failed to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Id., Ex. 3.  Plaintiff failed to respond to the motion.  Id., Ex. 4.  Therefore, pursuant to Rule 41(b), the Court dismissed Case No. 10-5347 in an order filed on March 8, 2011.  Id., Ex. 4; Case No. 10-5347, Dkt. 14.

### B. PROCEDURAL HISTORY

On February 11, 2011, prior to the entry of the Order dismissing Case No. 10-5347 and after receiving his EEOC right-to-sue letter, Plaintiff filed a second pro se action in this Court under Title VII, alleging that Defendants engaged in discriminatory and retaliatory conduct toward him based on his race and union activity.  Dkt. 1 at 2, 3.  Although not entirely clear, Plaintiff also appears to be alleging a Title VII hostile work environment claim based upon racial harassment in that he alleged that Defendant "created an environment of discrimination and intimidation" based on his race.  Id. at 4.  The attachments to the complaint contain recitations of the incidents that Plaintiff contends were discriminatory, retaliatory and harassing, including incidents in 2006, 2007, 2008, which included his September 2008 termination, as well as incidents during the 2009 arbitration.  Id. at 7-16.  Summons was returned by Plaintiff on Defendant and the Individual Defendants on April 7, 2011, nearly two months after the case was filed and a month after the Court dismissed Case No. 10-5347.  Dkt. 9-13.

On April 15, 2011, almost a week after being served, Defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. 16, 19.  Defendant contends that Plaintiff brings claims for race and union-status discrimination under Title VII, as well as non-Title VII claims of (1) breach of collective bargaining agreement, and (2) a hybrid claim of breach of contract and breach of duty of fair

representation.¹ Dkt. 16. Defendant argues (1) all the claims are barred by the doctrine of res judicata in light of the prior order of dismissal in Case No. 10-5347; (2) the Title VII claims are barred by Plaintiff's failure to timely exhaust; (3) the Title VII claims against the Individual Defendants are not viable; (4) the Title VII claims are insufficiently pleaded under Rule 12(b)(6); (5) the breach of the collective bargaining agreement claim is preempted by section 301 of the Labor Management Relations Act ("LMRA"); (6) the breach of collective bargaining agreement claim against the Individual Defendants fails to establish individual liability against these defendants under the LMRA; (7) Plaintiff's hybrid claim of breach of contract and breach of duty of fair representation under the LMRA is barred by the six-month statute of limitations; (8) Plaintiff's hybrid claim is insufficiently pleaded; and (9) the claims against the Individual Defendants are insufficiently pleaded. Id.

Plaintiff opposes Defendant's motion. Dkt. 30. Although no substitution of counsel was filed in the instant action, Plaintiff's opposition was prepared by counsel, and therefore Plaintiff is no longer acting pro se. Id. Plaintiff, through counsel, states "Plaintiff filed this lawsuit asserting claims under Title VII, based upon Defendant's actions during the arbitration process." Dkt. 30 at 4. Plaintiff's counsel argues that res judicata does not apply to his Title VII claims because the first action involved Defendant's termination of his employment in September 2008, whereas the second action involves Defendant's actions during the October 2009 arbitration. Id. at 4, 5. Therefore, according to Plaintiff's opposition, the instant Title VII claims involve events occurring subsequent to any events involved in the first action, and, hence, are not barred by res judicata. Id. In addition to arguing that res judicata does not bar the complaint, Plaintiff's opposition notes that the Title VII claims were not asserted in Plaintiff's first pro se complaint, but in his second pro

---

¹ A hybrid claim of breach of contract and breach of a duty of fair representation under the LMRA comprises two causes of action where the plaintiff is alleging a breach of the collective bargaining agreement by the employer and a breach of the duty of fair representation by the union. DelCostello v. Int'l Bhd. Of Teamsters, 462 U.S. 151, 164-65 (1983). To prevail against either the employer or the union, the plaintiff must establish both a breach of the contract and a breach of the duty of fair representation. Id.

**1**  se complaint, because Plaintiff was waiting for his right-to-sue letter from the EEOC.  Id. at

**2**  5-6.  Plaintiff also maintains the Title VII claims are adequately pleaded, but makes no

**3**  mention of Defendant's argument regarding the Individual Defendants.  Id.

**4**  　　　Plaintiff's opposition, filed by counsel, is not consistent with the operative complaint

**5**  in the instant action, filed by Plaintiff when he was acting pro se.  Contrary to counsel's

**6**  assertions, Plaintiff's complaint in the instant action alleges a course of discriminatory,

**7**  retaliatory and harassing conduct by Defendant spanning from about 2006 through the 2009

**8**  arbitration.  Dkt. 1.  The complaint in the instant action does not simply focus on the 2009

**9**  arbitration, but also involves the 2008 termination.  Id.  This is especially evident by the

**10**  fact that Plaintiff alleges that the date the discriminatory conduct occurred was on

**11**  September 20, 2008, the date of his termination.  Id.

**12**  　　　With regard to Defendant's arguments pertaining to the non-Title VII claims,

**13**  Plaintiff fails to address them, focusing solely on Plaintiff's Title VII claims.  Therefore,

**14**  the Court assumes that Plaintiff does not intend to assert the non-Title VII claims in the

**15**  instant action.[2]  Thus, only the parties' arguments pertaining to Plaintiff's Title VII claims

**16**  are the subject of this Order.

**17**  **II.    LEGAL STANDARD**

**18**  　　　Under Federal Rule of Civil Procedure 12(b)(6) a district court must dismiss a

**19**  complaint if it fails to state a claim upon which relief may be granted.  To survive a motion

**20**  to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim

**21**  to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

**22**  (2007).  When considering a motion to dismiss under Rule 12(b)(6), a court must take the

**23**

---

**24**  　　[2] Alternatively, the Court finds that Plaintiff has consented to granting the motion on the non-Title VII claims for the reasons put forth by Defendant.  The version of Civil Local

**25**  Rule 7-3(a) applicable to this motion requires an opposition or statement of non-opposition to be filed twenty-one days before the hearing date.  Thus, Plaintiff was required to either

**26**  oppose or file a statement of non-opposition concerning Defendant's arguments about the non-Title VII claims, if he is asserting such claims, by no later than July 5, 2011, but he

**27**  failed to do so.  This Court's Standing Order warns that "[t]he failure of the opposing part to file a memorandum of points and authorities in opposition to any motion or request shall

**28**  constitute a consent to the granting of the motion."  Dkt. 2-1 at 1.

allegations as true and construe them in the light most favorable to plaintiff. In deciding a Rule 12(b)(6) motion, the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice[.]" Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement in the Cloverly Subterranean, Geological Formation, 524 F.3d 1090, 1096 (9th Cir. 2008). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). If the complaint is dismissed, plaintiff generally should be afforded leave to amend unless it is clear the complaint cannot be saved by amendment. Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

## III. DISCUSSION

### A. RES JUDICATA

#### 1. Overview

Defendant contends the instant action is barred by the Court's order of dismissal in Case No. 10-5347. The affirmative defense of res judicata may be considered by way of a motion to dismiss under Rule 12(b)(6) when the Court is able to discern the relevant facts by way of judicial notice of its own records. Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984) (affirming dismissal pursuant to Rule 12(b)(6) on grounds of res judicata because the district court did not consider any disputed facts); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (taking judicial notice of court documents, i.e., a motion to dismiss filed in a court action); Day v. Moscow, 955 F.2d 807, 811 (2nd Cir. 1992) ("when relevant facts are shown by the court's own records," dismissal under Rule 12(b)(6) based on res judicata is proper). The Court takes judicial notice of the documents filed in Case No. 10-5347 to determine whether res judicata precludes Plaintiff's suit.

Res judicata bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action. Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (discussing res judicata in an race discrimination case

under Title VII). Three elements must exist for the doctrine to apply, including (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties. Id.

### 2. Second and Third Elements

The third element is not in dispute here because, in the instant action, Plaintiff names the same parties that he named in the prior suit, Case No. 10-5347. The second element is not in dispute either. When an order of dismissal under Federal Rule of Civil Procedure 41(b) does not specify whether it is with or without prejudice, it is considered a dismissal with prejudice, and, consequently, is a final judgment on the merits. Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002). As the March 8, 2011 order dismissing the action in Case No. 10-5347 pursuant to Rule 41(b) does not specify whether it is being dismissed with or without prejudice, it is a dismissal with prejudice and is a final judgment.

### 3. First Element

#### a) Overview

The dispute in this case focuses on the first element, i.e., whether an identity of claims exists. With regard to this element, "'[t]he central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" Id. (quoting Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000)). When the grounds for recovery in the subsequent suit could have been asserted in the prior action, regardless of whether they actually were asserted, the doctrine of res judicata will bar the subsequent suit. Id. Generally, while a claim that arises *after* the entry of judgment is not precluded by the doctrine of res judicata, a claim that arose *prior* to the entry of judgment is precluded. Frank, 216 F.3d at 851 (citing Lawlor v. Nat'l Screen Serv. Corp., 349 U.S. 322, 328 (1955) ("While the 1943 judgment precludes recovery on claims arising prior to its entry, it cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case.")). The preclusive effect of a

prior judgment extends to claims in existence *at the time of the filing* of the original lawsuit. Carstarphen v. Milsner, 594 F.Supp.2d 1201, 1210 (D.Nev. 2009) (discussing cases).

### b) *Analysis*
#### i) *Same Transactional Nucleus of Facts*

Here, Case No. 10-5347 and the instant action involve the same transactional nucleus of facts pertaining to the allegedly discriminatory, retaliatory and harassing conduct of Defendant during Plaintiff's employment. In an endeavor to avoid the res judicata effect of the dismissal in Case No. 10-5347, Plaintiff's counsel creatively attempts to distinguish between the September 2008 termination and the October 2009 arbitration. Plaintiff's counsel argues the complaint in Case No. 10-5347 challenges Plaintiff's termination, but the complaint in the instant matter challenges the arbitration.

However, a plain reading of Plaintiff's pro se complaints in the two actions belie counsel's argument. The documents accompanying Plaintiff's complaint in the instant action detail events involving Plaintiff and Defendant that occurred from 2006 through the arbitration in October 2009, including the termination of his employment in September 2008. Dkt. 1 at 15-16. Plaintiff's complaint in the instant action alleges that the date Defendant's discriminatory conduct occurred was September 20, 2008, which was the date of his termination. Id. at 2. Given that the complaint in Case No. 10-5347 asserts a wrongful termination cause of action and the complaint in the instant action alleges the date of the discriminatory conduct was September 20, 2008, the date of termination, the two actions both challenge Defendant's conduct associated with Plaintiff's September 2008 termination.

The attempt by Plaintiff's counsel to distinguish the two cases to avoid the consequences of res judicata must fail in light of the allegations in Plaintiff's two pro se complaints. "The fact that res judicata depends on an 'identity of claims' does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated." Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077-78 (9th Cir. 2002).

### ii)     *Could Have Been Asserted in Prior Action*

Moreover, Plaintiff could have asserted claims based on the arbitration when he filed his prior suit, Case No. 10-5347. The arbitration occurred in October 2009. Plaintiff filed Case No. 10-5347 in September 2010, nearly a year after the arbitration, giving him ample time to include allegations pertaining to Title VII generally and the arbitration specifically. Under the doctrine of res judicata, it is only when there is no way Plaintiff could have asserted claims associated with the October 2009 arbitration in Case No. 10-5347 that he would not be precluded from bringing a subsequent action. For instance, if the October 2009 arbitration had occurred after Plaintiff had filed his prior action, then res judicata would not have barred his suit. Carstarphen, 594 F.Supp.2d at 1210 (no res judicata when prior case *filed* before later occurring events). Likewise, if the October 2009 arbitration had occurred after dismissal in Case No. 10-5347, then res judicata would not preclude the instant action. Frank, 216 F.3d at 851 (no res judicata when *entry of judgment* in prior case occurs before later occurring events). Because the October 2009 arbitration occurred before the prior action was filed and before judgment was entered therein, Plaintiff could have asserted claims about the arbitration in Case No. 10-5347.

### iii)     *Conclusion*

Defendant has established all three elements of the doctrine. This Court, however, must now consider whether any exception exist that would preclude application of res judicata in this case.

### B.     EXCEPTION TO RES JUDICATA

Plaintiff argues that his case is not barred by the doctrine of res judicata because he was waiting for his EEOC right-to-sue letter before asserting his Title VII claims. In Owens, the plaintiffs argued that their Title VII claims were not barred "in light of the fact that they had not yet received their 'right to sue' letter from the EEOC." Owens, 244 F.3d at 714. The Ninth Circuit held that "Title VII claims are not exempt from the doctrine of res judicata where plaintiffs have neither sought a stay from the district court for the

purpose of pursuing Title VII administrative remedies nor attempted to amend their complaint to include their Title VII claims." Id. at 714-15.

The Court notes that both the pleadings filed in Case No. 10-5347 and the instant action were filed pro se, and as such, the Court has an obligation to construe them liberally. Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints."). According to Plaintiff, the reason he filed a new action alleging Title VII claims was that he was waiting for his EEOC right-to-sue letter. Once he received that he letter, he filed a second complaint alleging Title VII claims. Although the proper course of action would have been for Plaintiff to seek leave to join his Title VII claims in the existing action, Case No. 10-5347, he instead commenced a second action.

Under a liberal construction of pro se Plaintiff's filings in Case No. 10-5347 and the instant action, the Court finds that Plaintiff satisfied the exception set forth in Owens by attempting to amend his complaint in Case No. 10-5347 to add the Title VII claims when he erroneously filed the instant action instead of filing a motion to amend in Case No. 10-5347. See Watkins v. Harrington, 2010 WL 3631692, **1-2 (N.D. Cal. Sept. 14, 2010) (construing pro se prisoner's petition in a subsequent lawsuit as an amended petition in pro se prisoner's prior action). Had Plaintiff filed a motion to amend, the Court would have granted him leave to do so in light of the liberal standards for amendment under Federal Rule of Civil Procedure 15(a). Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003) (stating that Rule 15(a) policy of freely granting leave to amend when justice requires is to be applied extremely liberally); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988) (stating must construe pro se civil rights litigants pleadings liberally and afford them any benefit of doubt).

In light of Plaintiff's pro se status, the Court finds that he acted with excusable neglect by filing the instant action instead of requesting leave to amend to include the Title VII claims in Case No. 10-5347. As a result, the Court finds it appropriate to set aside the final judgment in Case No. 10-5347 under Federal Rule of Civil Procedure Rule 60(b)(1).

Fed. R. Civ. P. 60(b)(1) (providing that mistake, inadvertence, surprise, or *excusable neglect* may constitute grounds for setting aside a final judgment or order if a request is made within one year after entry of the judgment or order).  Accordingly, the Clerk is directed to (1) re-open Case No. 10-5347; (2) remove the initial compliant filed in Case No. 11-647 and re-file it in Case No. 10-5347 as an amended complaint; and (3) dismiss with prejudice Case No. 11-647 as filed in error.  See Watkins, 2010 WL 3631692, * 2 (directing Clerk to remove pro se prisoner's petition in subsequent action from file, to re-file it in the pro se litigant's prior action as an amended complaint, and to close subsequent action as erroneously filed).

As discussed below, the Court finds Plaintiff's current pleadings regarding his Title VII claims to be insufficient.  Thus, the Court will provide Plaintiff with thirty days from the date of this order to amend the complaint in Case No. 10-5347 to allege Title VII claims.  However, the Court notes that Plaintiff now has counsel.  Any further documents submitted by Plaintiff's counsel will not be liberally construed as Plaintiff's pro se filings have been.  Moreover, as discussed above, counsel clearly has stated that Plaintiff only asserts Title VII claims against Defendant.  If Plaintiff wishes to assert any other claims in Case No. 10-5347, then a motion for leave to amend must be filed within thirty days of this Order.

### C.     TIMELY EXHAUSTION

Defendant argues that Plaintiff failed to timely exhaust his Title VII claims, and therefore the claims are time-barred, requiring dismissal under Rule 12(b)(6).  A party may move under Rule 12(b)(6) to dismiss claims for being time-barred if the running of the statute of limitations is apparent from the face of the complaint.  Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010).

 A plaintiff intending to pursue a Title VII lawsuit must first file a charge of discrimination with the EEOC within 300 days of the discriminatory act, and then file suit within ninety days of receiving a right-to-sue letter from the EEOC.  See 42 U.S.C. § 2000e5(e)(1)&(f)(1); Surrell v. California Water Serv. Co., 518 F.3d 1097, 1104 (9th Cir.

2008) (discussing time-frames for EEOC charges in California). These timeframes act as statutes of limitations. <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 398 (1982); <u>Valenzuela v. Kraft, Inc.</u>, 801 F.2d 1170, 1174 (9th Cir. 1986). Title VII claims filed beyond these time limits are subject to dismissal under Rule 12(b)(6). <u>Scholar v. Pac. Bell</u>, 963 F.2d 264, 266 (9th Cir. 1992).

In assessing when the statute of limitations begins to run for the filing of administrative charges, if the plaintiff asserts discrimination and retaliation claims under Title VII, the clock begins to run with each discrete act of discrimination or retaliation, such as, among other things, termination, failure to promote, and denial of transfer. <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 113-16 & n.10; <u>Carpinteria Valley Farms, Ltd v. Cnty of Santa Barbara</u>, 344 F.3d 822, 829 (9th Cir. 2003). However, if a plaintiff is alleging a hostile work environment based on racial harassment under Title VII, a continuing violations doctrine applies to prevent actions falling outside the statute of limitations from being barred. <u>Id.</u>

The face of Plaintiff's complaint shows Plaintiff filed his EEOC claim in April 2010. Dkt. 1 at 3. To the extent that Plaintiff is raising Title VII discrimination and retaliation claims occurring 300 days prior to April 2010, such claims are time-barred. For example, Plaintiff filed his EEOC charge 558 days after his termination on September 20, 2008, and therefore, any discrimination and retaliation Title VII claims challenging the discrete act of termination are time-barred.

However, it is not entirely clear from Plaintiff's pro se complaint exactly what Title VII claims he is asserting. Plaintiff alleges a series of actions by Defendant ostensibly intended to satisfy the elements of a Title VII hostile work environment claim based on racial harassment. Plaintiff specifically alleges that Defendant "created an environment of discrimination and intimidation" based on his race. <u>Id.</u> at 4. If Plaintiff is asserting a Title VII hostile work environment claims based on racial harassment, then Defendant has failed to show from the face of Plaintiff's complaint that it is time-barred. Part of the series of

events constituting the harassment included the arbitration, which was in October 2009. Plaintiff timely filed the April 2010 within 300 days of the October 2009 arbitration.

### D.  INDIVIDUAL DEFENDANTS

Defendant is correct when it asserts that the Individual Defendants must be dismissed because they may not be held liable under Title VII. Miller v. Maxwell's Intern., Inc., 991 F.2d 583, 587-88 (9th Cir. 1993) (holding individual defendants not liable under Title VII because the "statutory scheme itself indicates that Congress did not intend to impose individual liability on employees"). Plaintiff does not oppose Defendant's argument. Hence, the Court dismisses Plaintiff's Title VII claims against the Individual Defendants.

### E.  FAILURE TO STATE A CLAIM

Defendant accurately notes that Plaintiff's pro se complaint fails to sufficiently plead a cause of action under Title VII.

To properly allege a prima facie case of race discrimination under Title VII, Plaintiff must show that (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1993); Moran v. Selig, 447 F.3d 748, 753 (9th Cir. 2006). To establish a prima facie case of retaliation, Plaintiff must show (1) he engaged in a protected activity, (2) he was subject to an adverse employment action; and (3) a causal link between the two exists. Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir. 2000). After Plaintiff meets this burden, Defendant must put forth a legitimate, non-discriminatory reason for the adverse employment action, which then causes the burden to shift back to Plaintiff, who must show that the stated reason was in fact pretext. McDonnell Douglas, 411 U.S. at 804 (discrimination); Brooks, 229 F.3d at 928 (retaliation).

The elements the plaintiff must allege to establish a hostile work environment based on racial harassment include (1) he was subjected to verbal or physical conduct of a racial nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or

pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment. Vasquez v. County of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003).

      Plaintiff's six-page form complaint itself is conclusory and does not plead the elements of discrimination, retaliation or hostile work environment with sufficient specificity to survive the standards put forth in Twombly. The pro se complaint is especially unclear and insufficiently pleaded with regard to the element of "adverse employment action," as that element relates to the October 2009 arbitration. The Court is unable to determine what action Defendant took in connection with the October 2009 arbitration that Plaintiff contends constitutes an "adverse employment action." Moreover, the Court is unable to assess whether Plaintiff's lengthy recitation of events in the documents accompanying his complaint is meant to establish a hostile work environment based upon racial harassment. However, the attachment to the complaint contains many allegations that could support the elements of these claims, and therefore Plaintiff is granted leave to amend, especially given that the complaint was originally filed when Plaintiff was acting pro se. Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir.2003) ("Courts have a duty to construe pro se pleadings liberally."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir.2000) (stating that district courts should grant leave to amend unless the deficiency could not possibly be cured).

## IV.   CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.   Defendant's Motion to Dismiss is DENIED IN PART and GRANTED IN PART.

2.   The Court orders the Clerk to re-open Case No. 10-5347. The Clerk is also directed to remove the complaint from Case No. 11-647 and re-file it in Case No. 10-5347 as an amended complaint. The parties are directed to make all filings in Case No. 10-5347.

3.   Plaintiff is directed to file within thirty days of this Order a Second Amended Complaint in Case No. 10-5347 asserting all Title VII claims that he in good faith and

consistent with his obligations under Federal Rule of Civil Procedure 11 may assert.  If Plaintiff wishes to add any other claims to his Second Amended Complaint, Plaintiff is to file a motion for leave to file a Second Amended Complaint, with the proposed complaint attached, within thirty days of this Order.  Upon filing Plaintiff shall notice the motion no earlier than sixty (60) days from the date he files the motion. Upon filing any document, Plaintiff shall file a Certificate of Service indicating that he has served Defendant with the document.

4. If Plaintiff files a Second Amended Complaint, Defendant is directed to file an answer or other appropriate motion pursuant to Federal Rule of Civil Procedure 12 within twenty-one days of the date that Plaintiff files his Second Amended Complaint.

5. If Plaintiff files a motion for leave to file a Second Amended Complaint, the parties are directed to follow the current Civil Local Rules and this Court's Standing Orders regarding the deadlines and other procedural requirements for filing their papers.

6. The instant action, Case No. 11-0647, is hereby DISMISSED WITH PREJUDICE as filed in error. The Clerk shall close the file in Case No. 11-0647 and terminate all pending matters and deadlines.

IT IS SO ORDERED.

Dated:  July 29, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge